[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before the court for a limited contested dissolution trial. The matter came to the court on March 24, 1998 and then to later dates culminating in the trial on January 31, 2000 and February 1, 2000.
The parties were given a full opportunity to present testimony, evidence and argument. Having examined all the testimony, evidence, argument and the statutory criteria of § 46b-40 et seq,
the court makes the following findings of fact proven at trial.
1. The parties intermarried on December 20, 1993 at Easton, CT Page 4585 Connecticut.
2. The birth name of the defendant was Sarla Chheda.
3. Both parties have lived in the state of Connecticut for at least one (1) year next proceeding the institution of this matter.
4. There are no minor children who are issue of the marriage.
5. No minor children have been born to the wife since the date of the marriage.
6. The marriage has broken down irretrievably and there is no reasonable hope for reconciliation.
7. Neither of the parties have received assistance from the state of Connecticut or any of its political subdivisions since the date of the marriage.
Based on the above facts the court finds that:
a. It has jurisdiction over the parties.
b. It has jurisdiction over the marriage.
c. As alleged and proven, the marriage is broken down irretrievably.
d. Despite many allusions and allegations, no fault effecting equitable distribution was proven by credible evidence.
e. No credible evidence of bigamy was produced at trial; and
f. No credible evidence of physical or mental abuse was produced at trial.
This is the classic case of irretrievable breakdown. The parties started out in a marriage union with some hopes and dreams. These hopes and dreams never materialized and love never flourished. It would not be beyond reason to determine that there was never an emotional union even though the legal union was created under our civil laws.
The preparation of this case proved to be much ado about little CT Page 4586 or nothing. The defendant spent great effort, and correspondingly great sums in an attempt to prove that the plaintiff entered into a bigamous union in India during the term of the marriage. Despite the resources devoted, no such bigamous union was proven by any credible evidence.
The defendant asserted that there had been physical abuse on more than one occasion at the hands of the plaintiff. She offered no credible evidence to support this claim. In fact, her physician, to whom she was very close, testified that she never heard of any abuse and had observed no signs of such abuse.
 ORDERS
1. The marriage is dissolved on the grounds of irretrievable breakdown.
2. The plaintiff shall, within 30 days of final judgment, quit claim all his right, title and interest in the premises known as U7K, 25 Cartwright St., Bridgeport, Connecticut to the defendant.
3. The defendant will hold the plaintiff harmless from all claims and/or liabilities, past, present and future, related to the ownership of said premises.
4. No alimony is awarded to either party.
5. All assets held in the sole name of the plaintiff on February 1, 2000 shall remain his without claim from the defendant.
6. All assets held in the sole name of the defendant on February 1, 2000 shall remain hers without claim from the plaintiff.
7. Each party shall be solely responsible, and save the other party harmless from claims, for liabilities on his or her financial affidavit with the exception of the liabilities related to the residential unit as dictated by Order #3, supra.
8. Each party shall be solely responsible for his or her legal fees and expenses.
9. The defendant shall be solely responsible for any and all sums due Dr. Barucha for service and or testimony time. CT Page 4587
BRENNAN, J